## JOHN BUHLER *v.* J. A. McHATTON.

The circumstance that a slave is not a cook does not constitute a redhibitory defect, unless that quality was the principal motive for the purchase.  C. C., 2507.

Parol evidence is inadmissible to prove that a slave sold was represented as possessing qualifications not mentioned in the act of sale.

APPEAL from the District Court of the Parish of East Baton Rouge. The case was tried by a jury before *Robertson*, J.  *J. W. Seymour*, for plaintiff and appellant.  *Lacy, Davidson* and *McHatton*, for defendant.

CAMPBELL, J.  This is a redhibitory action, instituted to annul the sale of a slave and for the return of the price. The vice alleged is madness. Plaintiff seeks the rescission of the sale on the further ground that the slave sold was, by a verbal contract, warranted a good cook, when in truth, she had no acquaintance whatever with cooking. There is no allegation that this quality was the principal motive for the purchase.

The case was tried by a jury, and in conformity with their verdict, judgment was rendered in favor of defendant.

On the trial of the cause, plaintiff offered testimony for the purpose of showing that the slave *Jane*, in controversy, was verbally warranted to him by defendant as a good cook, and that she was in reality totally valueless for that purpose, which testimony was rejected by the Judge, on the ground that the want of this quality not being a redhibitory vice, unless this quality formed the principal motive of the purchase, and there being no allegation of this fact, but the action being for the rescission of the sale on the ground of redhibition alone, such testimony could not be received.

Another reason assigned for its rejection, is, that the agreement of the parties having been reduced to writing, neither one of them can be permitted to go behind the same and give in evidence a parol understanding or agreement of a fact not included in such written agreement. In these opinions of the Judge of the District Court we concur. The action is purely one for the rescission of the sale for redhibitory defects. Not being a cook, is not a redhibitory defect unless that quality was the principal motive of the purchase. C. C., 2507. Nor is there any demand for the diminution of the price, or any allegation of fraud.

The authority of *Milliken* v. *Andrews* and others, 11 R., 242, fully sustains the ruling of the last point.

The Art. 2508 prescribes that the buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him, unless it makes its appearance within three days immediately following the sale, when its pre-existence is presumed.

From the testimony of Dr. *Devall* and his wife, who hired the slave from plaintiff some ten days after the sale and retained her eight months, and of *A.*

BUHLER
*v.*
McHATTON.

*Cartle,* it appears that though she acted, as it is expressed, "oddly and strangely," it did not attract particular attention, and was not noticed for a month or more. That she refused, from religious scruples, to eat or take medicines on Fridays, and later, on Saturdays, saying that God had appeared to her and forbidden it. This, and the fact of her having on one occasion burnt her clothes, seem to have induced the belief on the part of the witnesses, that the girl labored under an aberation of mind, which they ascribed to religious enthusiasm and grief at being separated from her children.

If it be conceded that these speculative opinions, formed on the conduct of the slave, establish insanity—which is by no means clear—yet there is no evidence showing its existence at the time of the sale or for weeks afterwards.

On the other hand, the testimony of *Edger*, a witness for defendant, who frequently saw and conversed with the slave at the plantation of plaintiff during the year succeeding the sale, establishes that, to all appearances, she was perfectly sound in mind and body; that he frequently heard plaintiff speak of her character and qualities without complaint, except for her religious scruples.

*Ritter*, another witness, states that the slave was a servant for five years in a family in which he lived, and that, until she left Kentucky, (which was but a short time before the purchase by plaintiff,) she was sound in mind and body and considered a very valuable servant.

We think the evidence sustains the verdict and that there is no error in the judgment, which is affirmed with costs.